IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| HERMITAGE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO: CV _____ |
| ) | |
| KBC, LLC; KENNETH BUTLER, an individual) | |
| and, BARBARA RICKARD, an individual, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**
**PARTIES AND JURISDICTIONAL ALLEGATIONS**

COMES NOW, Hermitage Insurance Company ("Hermitage"), Plaintiff in the above styled cause of action, by and through its counsel of record, and files this Complaint showing unto the Court as follows:

1. Hermitage is a corporation which is organized under the laws of the State of Delaware with its principal place of business in White Plains, New York. At all times material hereto, Hermitage was authorized to do business in the State of Alabama.

2. Defendant KBC, LLC ("KBC") is a domestic limited liability company with its principal place of business in Lauderdale County, Alabama at 1136 North Wood Avenue Florence, Alabama 35633. Defendant KBC is compromised of one member, Kenneth Butler, who is a resident of Lauderdale County, Alabama, residing at 1136 North Wood Avenue Florence, Alabama 35630, and is a citizen of the State of Alabama.

3. Defendant Kenneth Butler is over the age of nineteen (19) years, is a citizen of the State of Alabama, residing at 1136 North Wood Avenue Florence, Alabama 35630.

4. Defendant Barbara Rickard ("Rickard") is over the age of nineteen (19) years, is a citizen of the State of Alabama, residing at 3320 County Road 62 Florence, Alabama 35633.

5. Plaintiff is a foreign corporation having its principal place of business in White Plains, New York and Defendant KBC is, upon information and belief, a business entity in the State of Alabama operating as a limited liability company. Defendant KBC is comprised of one member who is a resident citizen of the State of Alabama. Defendants Butler and Rickard are citizens of the State of Alabama. As such, complete diversity of citizenship exists between the Plaintiff and Defendants.

6. The claims in this lawsuit arise out of an insurance policy for commercial general liability coverage issued by Hermitage to KBC bearing policy numbers HGL/506108-06 and HGL/506108-07 with effective dates of June 1, 2006 through June 1, 2007 and June 1, 2007 through June 1, 2008 (a copy of the Hermitage policies referenced herein are attached hereto as Exhibit "A" and incorporated as if fully set forth herein), which covered the business located at Post Office Box 674 Florence, Alabama 35631-0674. The Hermitage policies had a general liability limit of $100,000 per occurrence.

7. The claims in this lawsuit arise out of a lawsuit filed in the Circuit Court of Lauderdale County, Alabama styled <u>Barbara Rickard v. KBC Construction Co. and</u>

Kenneth Butler, Civil Action Number 2006-329 wherein the Rickard seeks, at a minimum, $100,000 in damages from KBC and Butler (a copy of Rickard's state court Complaint is attached hereto as Exhibit "B" and incorporated as if fully set forth herein). On August 10, 2010, Rickard obtained a judgment against KBC, LLC in the amount of $420,000 (a copy of the August 10, 2010, Judgment is attached hereto as Exhibt "C" and incorporated as if fully set forth herein).[1] The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

8.  This Court has original jurisdiction of this matter pursuant to 28 U.S.C. §1332.

9.  This action is filed pursuant to the Federal Declaratory Judgment Act and Rule 57 of the Federal Rules of Civil Procedure.

10. This is an action brought for declaratory judgment pursuant to 28 U.S.C. §§2201-2202.

## UNDERLYING CLAIMS

11. This action arises out of Rickard's lawsuit filed in the Circuit Court of Lauderdale County, Alabama Civil Action Number 2006-329, on August 2, 2006. The Complaint alleges that KBC breached multiple contracts and made false representations concerning the remodel/construction of Rickard's home. Rickard's Complaint includes claims for Breach of Contract dated May 17, 2004, Breach of Contract dated July 22, 2005, misrepresentation and fraud. Rickard alleges that on or about May 17,

---

[1] As of the date of filing this Complaint for Declaratory Judgment, the August 10, 2010 Judgment entered against KBC, LLC in not officially a final judgment pursuant to the Alabama Rules of Civil Procedure.

2004, she and KBC entered into a written agreement, wherein KBC agreed to remodel Rickard's home for a maximum payment of $420,000.00 and that the work would be completed within twelve (12) months of the date of the contract. (Exhibit B). Rickard alleges that she performed all conditions, covenants and promises required of her under the contract/agreement. Rickard alleges that KBC breached the contract/agreement by failing to complete the project in a timely manner. (Exhibit B). Rickard claims damages in the amount of $100,000.00, plus costs and attorney fees as a result of the alleged breach. (Exhibit B ¶8)

Rickard alleges that in June 2005, she discovered that KBC had failed to perform the remodel/construction in a workmanlike manner. Rickard alleges that on or about July 22, 2005, she and KBC entered into a second contract/agreement, wherein KBC promised to correct the problems created by KBC at no expense to Rickard for labor or materials. Rickard alleges that on or about October 13, 2005, KBC breached the second contract/agreement by failing to perform repairs and correction as agreed, and by sending a bill for labor and materials used in completing the work called for in the second contract/agreement. (Exhibit B). Rickard alleges that KBC removed its workers' from the job site and placed a lien on the property in the amount of the labor and materials. Rickard alleges that as a result of KBC's breach of the second contract/agreement, she has suffered damages in excess of $100,000. (Exhibit B ¶14).

Rickard alleges that prior to entering into the second contract/agreement, dated

July 22, 2005, KBC represented that, pursuant to Rickard's request, individuals performing work at her home would be drug tested and only individuals who tested drug free would perform work on the home. Rickard alleges that these representations were false and KBC knew they were false when made. Rickard alleges that she relied on the false representations and was damaged/injured.

Rickard further alleges that prior to the inception of the May 17, 2004, contract/agreement, KBC represented that it had performed projects of similar scale and would be able to complete the work in a workmanlike manner with one year and for the price agreed upon. Rickard alleges that these representations were false and KBC knew they were false when made. Rickard alleges that she relied upon KBC's false representations and was injured.

### **HERMITAGE'S CLAIMS**

12. Policy number HGL/506108-06, with an effective date of June 1, 2005 through June 1, 2006, provides, on Page 1, for liability coverage if a claim is made or suit is brought against the insured for damages because of bodily injury and property damage, to which the insurance applies. The insurance applies only if: the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the coverage territory; the "bodily injury" or "property damage" occurs during the policy period; and, prior to the policy period, no insured knew that the "bodily injury" or "property damage" had occurred, in whole or in part. The term "occurrence" is defined by the policy as "an accident, including continuous and repeated exposure to

substantially the same general harmful conditions." "Bodily injury" is defined by the policy as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." "Property damage" under the policy is defined as:

> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of physical injury that caused it; or
> b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

Section 1, Coverage A-Bodily Injury and Property Damage Liability, Part 2-Exclusions, sets forth several instances in which coverage is not provided. For example, under Part 2(a), bodily injury or property damage "expected or intended from the standpoint of the insured" is specifically excluded. Part 2(b) excludes damages for contractual liability or as stated in the policy, "'Bodily injury' or 'property damage' for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement."  Part 2(j),(l),(m) and(n), along with endorsement entitled <u>Exclusion-Damage To Work Performed By Subcontractors On Your Behalf</u>, excludes all property damage to the work of the insured, including any warranties or representations about the insured's work, without regard to when such property damage occurred, or whether the work was performed by a subcontractor. The policy endorsement entitled <u>Exclusion-Punitive And/Or Exemplary Damage</u>, specifically excludes the obligation to "pay any cost, interest or damage attributed to punitive or exemplary damages".

13. Under the Hermitage policy any bodily injury, property damage, mental anguish and/or punitive damages that did not take place during the policy period do not constitute an "occurrence" under the policy. Furthermore all damages that are deemed to be expected or intended from the standpoint of the insured are specifically excluded from coverage. All damages for repair, replacement or other loss to the work of the insured, including warranties and representation with regard to the work of the insured, are excluded under the policy. Liability for any mental anguish damages resulting from breach of contract is also specifically excluded from coverage by the policy, as well liability for the payment of punitive damages.

14. Section 4-Commercial General Liability Conditions Part 2 entitled <u>Duties In The Event Of Occurrence, Offense, Claim Or Suit</u>, provides that an insured must see to it that Hermitage is notified "as soon as practicable" of an "occurrence" or an offense which may result in a claim. If an insured's delay in reporting a claim is unreasonable under the facts and circumstances of the claim, coverage for bodily injury and/or property damage would not exist under the Hermitage policy.

15. The coverage issues and exclusions addressed above are not exhaustive of the coverage issues and/or exclusions which are or could be applicable to this action. By outlining coverage issues and/or exclusions above, Hermitage does not waive any right to assert any additional exclusions, defense or avoidance of coverage under the referenced policies.

16. Because Defendants KBC and Butler seek coverage under the Hermitage policies for payment of Rickard's claim in the underlying lawsuit, and Hermitage denies such coverage exists, a justiciable controversy exists as to the rights, remedies, obligations and liability of the parties under the policy.

17. Hermitage requests that this Honorable Court declare the following as part of this action:

    a.  That KBC and Butler are not entitled to be indemnified by Hermitage for the judgment, costs, interest or any other element of recovery entered in the underlying action filed in the Circuit Court of Lauderdale County, Alabama Civil Action Number 2006-329.

    b.  That KBC and Butler are not entitled to any benefits or proceeds of the above referenced policy or policies.

    c.  That KBC and Butler did not provide Hermitage with sufficient and/or timely notice of Rickard's claim and that KBC's and Butler's delay in reporting the claim was unreasonable under the facts and circumstances of the claim. That due to KBC's and Butler's unreasonable delay in providing notice of Rickard's claim, KBC and Butler are not entitled to any benefits or proceeds of the above referenced policy or polices.

    d.  That Rickard is not entitled to any benefits or proceeds of the above-referenced policy or policies issued by Hermitage to either KBC or Butler.

    e.  That KBC and/or Butler had knowledge of Rickard's claim and damages prior

        to the inception of the Hermitage policy and as such, is/are not entitled to any benefits or proceeds of the Hermitage policy or policies.

f.     That any alleged incident, accident or occurrence, as well as any alleged damages resulting therefrom, occurred outside of the applicable policy periods and as such, there is no coverage for Rickard's claims under the Hermitage policies.

g.     That the fraud and/or misrepresentations alleged in the underlying Complaint are not covered "occurrences" under the policy.

h.     That the breach of warranty and breach of contract claims for any property damage as alleged in the Complaint constitute damage to the work of the insured which is specifically excluded from the Hermitage policy or policies.

i.     That the <u>Punitive And/Or Exemplary Damage</u> endorsement to the Hermitage precludes coverage for any punitive or exemplary damages accessed in the underlying state court action.

j.     That the <u>Contractual Liability Exclusion</u> and <u>Contractual Liability Limitation</u> endorsement to the Hermitage policy does not provide coverage for breach of contract.

k.     That any and all mental anguish, stress and pain and suffering resulting from any alleged breach of contract and/or breach of warranty is precluded by the contractual liability exclusion contained in the Hermitage policy or policies.

l. That the alleged bodily injury, mental anguish, stress, pain and suffering or property damage sought in the underlying lawsuit are excluded from coverage by the terms and provisions of the policy which exclude coverage for bodily injury or property damage which is either expected or intended from the standpoint of the insured.

m. That all of the property damage alleged in the underlying Complaint, including costs of restoration, repair and/or restoration, are excluded from coverage under the Hermitage policy or policies because the damages alleged are entirely to the work of the insured.

n. That any and all bodily injury and property damage caused by sub-contractors performing work on behalf of KBC and/or Butler is specifically excluded under the Hermitage policy or policies.

o. That Hermitage is not liable to pay or otherwise satisfy the state court judgment obtained by Rickard against KBC or Butler.

p. Other such relief or findings as the Court may deem appropriate.

WHEREFORE, PREMISES CONSIDERED, Hermitage requests this Honorable Court to enter an Order declaring that Hermitage has no obligation to indemnify KBC, LLC and Kenneth Butler for any liability, claims, judgments, demands or suits as to any of the claims alleged by Barbara Rickard in the underlying civil action filed in the Circuit Court of Lauderdale County, Alabama and designated as CV-2006-329 and attached hereto as Exhibit "B". Hermitage also requests such other, further and different relief to which Hermitage may be entitled.

    /s/ Jud C. Stanford
DAVID M. WILSON ASB-1797-N71D
JUD C. STANFORD ASB-2309-D66J
Attorneys for Plaintiff, Hermitage
Insurance Company

**OF COUNSEL**
WILSON & BERRYHILL, P.C.
505 20th Street North, Suite 1475
Birmingham, Alabama 35203
(205) 252-4441

**Plaintiff's Address:**
Hermitage Insurance Company
1311 Mamaroneck Avenue, Suite 135
White Plains, New York, 10605-5221

**Please serve the following Defendants by Certified Mail:**

**Defendants' Addresses:**

KBC, LLC
c/o: Kenneth Butler
1136 North Wood Avenue
Florence, Alabama 35630

Kenneth Butler
1136 North Wood Avenue
Florence, Alabama 35630

Barbara Rickard
3320 County Road 62
Florence, Alabama 35633