UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **HERMITAGE INSURANCE COMPANY,** } } } | |
| PLAINTIFF, } } | Case No.: 3:10-CV-02305-MHH |
| V. } } | |
| **KBC, LLC; KENNETH BUTLER, AND BARBARA RICKARD,** } } | |
| DEFENDANTS. | |

## MEMORANDUM OPINION

Pursuant to the Declaratory Judgment Act of 1934, 28 U.S.C. §§ 2201-2202, plaintiff Hermitage Insurance Company asks the Court to determine its rights and obligations under a commercial general liability policy that the company issued to defendant KBC, LLC.  The policy was in effect for two consecutive years beginning in June 1, 2006.  According to Hermitage, KBC violated the terms and conditions of the policy when it failed to give Hermitage timely notice of a state-court lawsuit that defendant Barbara Rickard filed on August 2, 2006.  Ms. Rickard ultimately won a $420,000 judgment against KBC in the state court action.  In this coverage action, Hermitage asks the Court to declare that the defendants are not entitled to coverage under the policy for the state court judgment.[1]

---

[1] KBC is a domestic limited liability company with its principal place of business in Lauderdale County, Alabama. KBC is comprised of one member, Kenneth Butler, who is a resident of Lauderdale County, Alabama, and a citizen of the State of Alabama. (Doc. 1, ¶ 2). Ms. Rickard is citizen of the State of Alabama. (Doc. 1, ¶ 4). Hermitage is

This action is before the Court on Hermitage's motion for default judgment. (Doc. 22).  The Court grants the motion because KBC violated the unambiguous terms and conditions of the policy when it waited more than three years before giving Hermitage notice of Ms. Rickard's lawsuit.  In the pages that follow, the Court explains its decision in greater detail.

**BACKGROUND**

Underlying State Court Lawsuit

On August 2, 2006, Ms. Rickard sued KBC and Kenneth Butler in the Circuit Court of Lauderdale County, Alabama.  In Count I of her state court complaint, Ms. Rickard alleged that in May 2004, she entered into a contract with KBC.  In the contract, KBC promised to remodel Ms. Rickard's home for $420,000.00.  (Doc. 1-2, p. 3, ¶ 4).  KBC also promised to complete the work within 12 months "if no unseen problems occur[red]." (*Id.*).  Ms. Rickard contended that she upheld her obligations under the contract, but KBC breached the contract because it did not complete the remodeling project by May 2005.  (*Id.* ¶¶ 5-8).  Ms. Rickard sought $100,000 in damages from KBC and Mr. Butler under her claim for breach of the May 2004 contract.  (*Id.*).

---

a Delaware corporation with its principal place of business in White Plains, New York.  (Doc. 1, ¶ 1).  The Court has subject matter jurisdiction over this declaratory judgment action because the parties are completely diverse, and more than $75,000 is in controversy.  28 U.S.C. § 1332.

In Count II of her state court complaint, Ms. Rickard alleged that because of the poor manner in which KBC performed the remodeling project, she had to hire a home inspection company. (Doc. 1-2, p.4 ¶ 11). The inspectors found serious problems with the work that KBC performed on the house. (*Id.*). As a result, in July 2005, Ms. Rickard entered into a new contract with KBC that required KBC to correct its previous work at no expense to Ms. Rickard. (*Id.* at ¶ 12). In October 2005, KBC breached the second contract by failing to perform repairs as agreed and by billing Ms. Rickard for labor and materials. (*Id.* at ¶ 13). KBC removed its workers from the job site and placed a lien on the property for the labor and materials that KBC used to make the repairs. (*Id.*). Ms. Rickard sought $100,000 in damages from KBC and Mr. Butler under her claim for breach of the July 2005 contract.

Ms. Rickard also asserted fraud claims against the state court defendants. (Doc. 1-2, ¶¶ 16-18, 21).

KBC and Mr. Butler answered Ms. Rickard's complaint on September 5, 2006. More than three years later, KBC filed a motion to add Hermitage as a third-party defendant in Ms. Rickard's lawsuit. (Doc. 1-2, p. 2). KBC alleged that if it was liable to Ms. Rickard, it was because Hermitage "acted in Bad Faith by failing to pay for any loss to Plaintiff from work performed by the Defendant, KBC Construction Co., while said Defendant was insured by Defendant, Hermitage

3

Insurance Company, and after having received notice of said loss." (Doc. 1-2, p. 2 ¶ 2). The record indicates that KBC first provided Hermitage with a general liability notice of occurrence/claim under policy number HGL 506108-06 for payment of Ms. Rickard's claims in the underlying lawsuit on December 1, 2009. (Doc. 22-3, pp. 3, 6). The circuit court granted KBC's motion to add Hermitage as a third-party defendant in the state court action. (Doc. 1-2, p. 8).

On May 14, 2010, Hermitage moved to dismiss the third party complaint, arguing that the complaint appeared to assert a claim for bad faith failure to settle, and such claims do not accrue until the underlying litigation becomes final. Hermitage also argued that Rule 14 was not the proper mechanism by which to bring Hermitage into the litigation because Rule 14 authorizes only the joinder of third parties for the purpose of asserting derivative liability claims, not claims for reimbursement, indemnity, or contribution under an insurance policy. On June 28, 2010, the circuit court granted Hermitage's motion to dismiss in a one-sentence order but did not state the basis for the dismissal.[2]

---

[2] The facts in this paragraph are taken from the state court record in the underlying case *Rickard Barbara v. KBC Construction Company*, Case Number CV-2006-000329.00, Circuit Court of Lauderdale County, Alabama. The record is available on the Alacourt website. The Court takes judicial notice of that record. *See Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010) (district court properly took judicial notice of documents related to the plaintiff's previous civil action because the documents "were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'") (quoting Fed. R. Evid. 201(b); other internal citations omitted). The Court cites to entry dates on the Alacourt case action summary.

On August 9, 2010, after the circuit court heard testimony and evidence from Ms. Rickard and KBC with respect to Ms. Rickard's state court claims, the court entered a judgment in the amount of $420,000.00 in favor of Ms. Rickard and against Defendant KBC on all counts. (Doc. 1-3). The circuit court also dismissed all counts against Kenneth Butler with prejudice. (*Id.*).

Procedural history of this lawsuit

On August 24, 2010, Hermitage filed its complaint for a declaratory judgment. Hermitage asks the Court to declare that Hermitage is not obligated to pay the defendants insurance proceeds for any liability or costs related to Ms. Rickard's state court lawsuit. Hermitage attached as exhibits to its complaint a copy of the governing Hermitage insurance policies, a copy of Ms. Rickard's state court complaint, and a copy of the state court order of judgment. (Docs. 1-1 th. 1-3).

Hermitage served the defendants with copies of its complaint on April 11, 2011. The defendants' answers to the complaint were due on May 2, 2011. (Docs. 8-10). To date, no defendant has answered the complaint.

Hermitage filed motions for entry of default for each defendant on June 1, 2011, and amended the motions on July 8, 2011. (Docs 11-15). The Clerk of Court entered defaults against each defendant on July 20, 2011. (Docs. 16-18).

On April 23, 2013, Hermitage filed the instant motion for default judgment along with three evidentiary exhibits.  (Docs. 22-1 th. 22-3).

**DISCUSSION**

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Hermitage filed motions for entry of default against the defendants accompanied by proofs of service and affidavits.  (Docs. 11-15).  The Clerk entered defaults against the defendants on July 20, 2011.  (Docs. 16-18).

The entries of default do not by themselves warrant an entry of default judgment.  Rather, there must be a sufficient basis in the pleadings for the judgment.  *Khufu El v. Platinum Home Mortgage Servs., Inc.*, 490 Fed. Appx. 306, 307 (11th Cir. 2012) (citing *Nishimatsu Constr. Co v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[3]  To decide whether there is a sufficient basis for an entry of default judgment, the Court must review the complaint and its underlying merits.  *See Stegeman v. Georgia*, 290 Fed. Appx. 320, 323 (11th Cir. 2008) (citation omitted).  Although "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact," *Tyco Fire & Sec., LLC v. Alcocer*, 218

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions that the former Fifth Circuit issued before the close of business on September 30, 1981.

Fed. Appx. 860, 863 (11th Cir. 2007), the Court has "an obligation to assure that there is a legitimate basis" for the judgment. *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007).

      Hermitage asks the Court for declaratory relief pursuant to the Declaratory Judgment Act. Under the Act, a court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. "It is well established that district courts have exceptionally broad discretion in deciding whether to issue a declaratory judgment, and the remedy is not obligatory." *Otwell v. Alabama Power Co.*, 747 F.3d 1275, 1280 (11th Cir. 2014) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-88 (1995)). As the Supreme Court has explained, "[s]ince its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton*, 515 U.S. at 286-87. Thus, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* at 288. Here, the Court sees no "considerations of practicality and wise judicial administration," such as an ongoing state court proceeding, that would keep the Court from issuing a declaration in this case.

As explained in more detail below, because KBC failed to give Hermitage timely notice of Ms. Rickard's underlying lawsuit, the Court finds that Hermitage has established that it is entitled to a default judgment against the defendants for a declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

<u>Defendants' Delay in Notifying Hermitage was Unreasonable</u>

Hermitage argues that it is entitled to a declaration of no obligation to pay the defendants proceeds under KBC's insurance policy with Hermitage because KBC failed to give timely notice of the underlying occurrences and state lawsuit, which violated the requirements of the policy.

Ms. Rickard filed the underlying action on August 2, 2006, and Ms. Rickard's complaint was served on KBC and Mr. Butler on August 4, 2006.  (Doc. 22-1).  KBC and Mr. Butler answered the complaint on September 5, 2006.  (Doc. 22-2).  KBC did not inform Hermitage of Ms. Rickard's claims until December 1, 2009.  (Doc. 22-3, p. 6).

Under the policy, "[i]f a claim is made or 'suit' is brought against any insured," the insured must: "(1) Immediately record the specifics of the claim or 'suit' and the date received; and (2) Notify [Hermitage] as soon as practicable." (Doc. 1-1, p.18).  KBC therefore was obligated to notify Hermitage in writing "as soon as practicable" after it became aware of Ms. Rickard's suit against it.  (*Id.*).

The policy also required any involved insured to "immediately" send Hermitage copies of "any demands, notices, summonses, or legal papers received in connection with the claim or suit." (*Id.*). On these facts, Hermitage argues that the defendants' delay of three years and three months before notifying Hermitage of Ms. Rickard's lawsuit was unreasonable as a matter of law and warrants a declaration that the defendants are denied coverage under the policy. (Doc. 22, ¶¶ 20-21).

In Alabama, an insured must comply with the notice requirements in an insurance policy as a condition precedent to recovery. *See Pharr v. Cont'l Cas. Co.*, 429 So. 2d 1018, 1019 (Ala. 1983). Failure of the insured to comply with notice requirements relieves the insurer of liability. *Reeves v. State Farm Fire & Cas. Co.*, 539 So. 2d 252, 254 (Ala. 1989) (citations omitted). If the facts are undisputed, and the insured does not show justification for the protracted delay, then the Court may find the delay unreasonable as a matter of law. *Travelers Indem. Co. of Conn. v. Miller*, 86 So. 3d 338, 343-44 (Ala. 2011). Thus, if Hermitage can establish an unreasonable delay, it is released from its obligations under the insurance contract.

The Alabama Supreme Court has consistently construed the terms "as soon as practicable" and "immediately" in insurance policies to require that notice be given "within a reasonable time in view of all the facts and circumstances of the

case." *S. Guar. Ins. Co. v. Thomas*, 334 So. 2d 879, 882 (Ala. 1976) (citations and internal quotation marks omitted). The only facts and circumstances that a court may consider to decide whether a delay in giving notice to an insurer was reasonable are (1) the length of the delay and (2) the reasons for the delay. *U.S. Fid. & Guar. Co. v. Baldwin County Home Builders Ass' n*, 770 So. 2d 72, 75 (Ala. 2000) (citation omitted). Prejudice to the insurer from any such delay is immaterial. *Id*.

KBC waited over three years before it notified Hermitage of Ms. Rickard's complaint. Absent justification, a delay of three years is unreasonable as a matter of law. Indeed, the Alabama Supreme Court has stated that a delay of five months "is sufficiently protracted as to require the insured to offer evidence of a reasonable excuse for the delay." *Nationwide Mut. Fire Ins. Co. v. Estate of Files*, 10 So. 3d 533, 536 (Ala. 2008). Numerous courts have held as a matter of law that much shorter delays than KBC's three-year delay were unreasonable as a matter of law. *See, e.g., Pharr v. Cont'l Cas. Co.*, 429 So. 2d 1018 (Ala. 1983) (eight month delay unreasonable as a matter of law); *S. Guaranty Ins. Co. v. Thomas*, 334 So. 2d 879 (Ala. 1976) (six month delay unreasonable as a matter of law); *Correll v. Fireman's Fund Ins. Co.*, 529 So. 2d 1006 (Ala. 1984) (one year delay unreasonable as a matter of law).

The defendants have provided no evidence or excuse for their delay. In fact, they have not appeared or made any filings in this case. Absent any effort by KBC and Mr. Butler to defend the claim against them, on the record before it, the Court finds that KBC's delay of over three years was unreasonable as a matter of law.

The Court finds that KBC breached the insurance policy by failing to give timely notice of the underlying state-court lawsuit and thus declares that Hermitage has no obligation to pay any defendant under the policy with regard to that lawsuit. *See e.g., Nationwide*, 10 So. 2d at 536.[4]

**CONCLUSION**

For the reasons discussed above, the Court GRANTS Hermitage's motion for default judgment on its complaint for declaratory relief.[5] The Court will enter a separate judgment in favor of Hermitage.

**DONE** and **ORDERED** this 7th day of August, 2014.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[4] The fact that Ms. Rickard would be a judgment creditor if she attempted to recover under the policy makes no difference; she is barred by KBC's unreasonable delay. In *Nationwide*, an insured's judgment creditor brought an action against the insurer, Nationwide, to collect the judgment. The Alabama Supreme Court held that the insured's five-month delay in providing Nationwide notice of the occurrence breached the homeowner's policy provision and barred recovery by the judgment creditor. *Nationwide*, 10 So. 2d at 536.

[5] Hermitage asserts numerous grounds on which the Court could declare that the defendants are not entitled to proceeds under the insurance policy. Because the Court bases its decision on unreasonable delay, it will not reach the other grounds.